**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **BOBBIE BEY,** | CASE NO. 3:25 CV 2338 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **OFFICER JORDAN THOMAS SPEER, et al.,** | |
| Defendants. | **MEMORANDUM OPINION AND ORDER** |

**INTRODUCTION**

Currently pending before the Court is Defendants Officer Jordan Thomas Speer, Officer Jeff Briggs, and Perkins Township, Ohio's Motion to Dismiss. (Doc. 17). Plaintiff Bobbie Bey, who is proceeding *pro se*, opposed. (Doc. 18).[1] Defendants filed a Reply. (Doc. 19). Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367. For the reasons set forth below, the Court grants Defendants' Motion as to Counts One and Two (the federal claims) and declines to exercise supplemental jurisdiction over Count Three (the state law malicious prosecution claim), and dismisses Count Three without prejudice.

1. Plaintiff filed her original opposition brief on May 5, 2026. (Doc. 18). Defendants filed their Reply on May 11, 2026. (Doc. 19). Two weeks later, on May 20, 2026, Plaintiff filed a new version of her opposition brief (Doc. 20). Almost two months later, she filed a "Notice of Clarification" stating Doc. 20 is "a corrected and more complete opposition," and her "intended operative opposition." (Doc. 21). She avers she "does not seek [leave] to file a surreply" but requests the Court consider Doc. 20 rather than Doc. 18 as her opposition. The Court finds Plaintiff's "corrected" opposition is improperly filed as it was not filed within the timeframe for such opposition, and it was filed *after* Defendant replied. The Court thus only considers Plaintiff's original opposition brief. However, it also notes the two filings vary only slightly, and, even if it considered Doc. 20, the result herein would not change.

## Background

On July 30, 2024, Plaintiff was driving when she was involved in a multi-vehicle collision. (Doc. 16, at 1-2). Ahead of Plaintiff somewhere in the roadway was a white car ahead of a black limousine. *Id.* at 2. This car signaled a right turn; the black limousine turned at the same time and struck the white car. *Id.* The limousine "remained in or near the roadway" and did not have "lights, hazard flashers, or other reasonably visible warning indicating that an accident had already occurred or that traffic had stopped." *Id.* As Plaintiff approached, she could not tell traffic had stopped or whether the limousine was moving or stopped. *Id.* She then "became involved in the collision scene after the initial crash." *Id.* The driver of the white car told responding officers the limousine hit her first before Plaintiff arrived. *Id.*

Despite the other driver's statement, Officer Speer issued Plaintiff a citation. *Id.* The citation charged a violation of Ohio Revised Code § 4511.21(A). *See State v. Bey*, No. TRD2402569 (Sandusky Mun. Ct.).[2] Officer Briggs "checked, reviewed, and signed the crash report" and "approved or ratified" the charging decision. (Doc. 16, at 2). This citation initiated a criminal proceeding; Plaintiff pled not guilty and appeared for a bench trial on October 30, 2024. *Id.*; *see also Bey*, No. TRD2402569 (Sandusky Mun. Ct.). The driver of the white car testified at trial the limousine hit her before Plaintiff arrived. *Id.* The court found Plaintiff not guilty. (Doc. 16, at 2).

---

2. Plaintiff's Amended Complaint does not state what traffic offense Officer Speer cited her for. Although she attached the traffic citation to her original Complaint, *see* Doc. 1-3, it is not attached to her Amended Complaint, *see* Doc. 16. Nevertheless, the Court agrees with Defendants that the Court may take judicial notice of the Sandusky Municipal Court case against Plaintiff and the charge for which she was cited. *See Bickerstaff v. Cuyahoga Cnty.*, 2019 WL 7500494, at *4 n.8 (N.D. Ohio) ("This Court may take judicial notice of the citations and disposition of Bickerstaff's traffic court case, because that information is in the public record and the fact that the citations were issued and dispositions reached is not subject to reasonable dispute.") (citing *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005)).

Plaintiff asserts she was deprived of her liberty "in that she was subjected to compulsory criminal process, required to appear and defend in court, and remained bound to answer the charge until acquittal." *Id.* at 3.

Plaintiff paid a $1,000 insurance deductible based on the accident and her insurance premiums increased. *Id.* at 2. She suffered further resulting credit-related harm, as well as emotional distress. *Id.* at 3.

Plaintiff brings claims for malicious prosecution against Officers Speer and Briggs under both state and federal law, as well as a *Monell* claim against Perkins Township contending the Township failed to train or supervise the Officers, maintained an inadequate custom or practice regarding charging decisions, and ratified the Officers' charging decision. *Id.* at 3-4.

## STANDARD OF REVIEW

Under Federal Civil Rule 12(b)(6), a party may move for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Although a complaint need not contain "detailed factual allegations," it must contain more than just "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, to survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Pro se* pleadings are held to less a stringent standard than pleadings written and drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The liberal construction accorded to *pro se* litigants does not "abrogate basic pleading

essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to "conjure up unpleaded facts" or create claims for *pro se* plaintiffs. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation modified); *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Instead, a *pro se* plaintiff's pleadings must offer fair notice to the defendants of what the plaintiff's claims are and the grounds they are asserted under. *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996). The complaint still must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Barnett v. Luttrell*, 414 F. App'x 784, 786 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S., at 678).

## **Discussion**

Defendants move to dismiss the Complaint in its entirety. (Doc. 17). The individual Officer Defendants assert Plaintiff fails to state a claim for malicious prosecution under § 1983 because she fails to plausibly allege (1) the officers lacked probable cause for the citation, and (2) that she suffered a deprivation of liberty. *Id.* at 3-9. Similarly, the Officers claim they are entitled to dismissal of the state law malicious prosecution claim because Plaintiff fails to plausibly allege a lack of probable cause. *Id.* at 12. The Officers further argue entitlement to qualified immunity. *Id.* Finally, the Township asserts it is entitled to dismissal of Plaintiff's *Monell* claim because she has not stated a constitutional violation. *Id.* at 12-13. Plaintiff responds that she has plausibly pled factual allegations to support each of her claims, and requests, *inter alia*, leave to amend if the Court finds her allegations deficient. (Doc. 18).

For the reasons set forth below, the Court grants Defendants' Motion as to Plaintiff's federal claims, declines to exercise supplemental jurisdiction over her state law claim, and dismisses the state law claim without prejudice.

Fourth Amendment Malicious Prosecution

Plaintiff alleges a Fourth Amendment malicious prosecution claim against Officers Speer and Briggs. (Doc. 16, at 4).

To succeed on a Fourth Amendment malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a criminal prosecution was initiated against him and the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as a consequence of a legal proceeding, the plaintiff suffered a "deprivation of liberty . . . apart from the initial seizure;" and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-10 (6th Cir. 2010) (quoting *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir. 2007)).

Defendants concede the fourth element and do not expressly dispute the first. *See* Doc. 17, at 4-5. They contend, however, Plaintiff has not pled facts plausibly alleging the second or third element of her malicious prosecution claim. The Court finds it unnecessary to evaluate the second element because it agrees Plaintiff has not plausibly pled facts supporting the third.

*Deprivation of Liberty*

Defendants contend Plaintiff has not pled a "deprivation of liberty . . . apart from the initial seizure. *Sykes,* 625 F.3d at 308-09.

In her Amended Complaint, Plaintiff alleges she "suffered a deprivation apart from the initial traffic stop and citation in that she was subjected to compulsory criminal process, required to appear and defend in court, and remained bound to answer the charge until acquittal." (Doc. 16, at 3). But Defendants correctly identify the standard governing this element. *See* Doc. 17, at 8-9. As another Judge of this Court summarized:

> "A malicious prosecution claim under § 1983 is actually a Fourth Amendment claim to be free from pretrial detention without probable cause." *Kinlin v. Kline*, No. 1:12 CV 581, 2012 WL 3780461, at *6 (N.D. Ohio Aug. 31, 2012) (internal

> quotation marks and citation omitted). Which is why "[t]raditionally, [malicious prosecution] claims entail defendants who are detained prior to trial." *Fisher* [*v. Dodson*], 451 F. App'x [500,] 502 [6th Cir. 2011]. To prevail on element three, a plaintiff must show that he, "as a consequence of a legal proceeding . . . suffered a deprivation of liberty, as understood in . . . Fourth Amendment jurisprudence, *apart from the initial seizure*." *Noonan v. C[n]ty. of Oakland*, 683 F. App'x 455, 463 (6th Cir. 2017) (quoting *Sykes*, 625 F.3d at 308–09) (emphasis in original). In other words, "the initial arrest alone is an insufficient deprivation of liberty[]" and "[g]iven that a summons to appear is even less a deprivation than an arrest, it stands to reason that it too is insufficient to satisfy [the] third element of a Fourth Amendment malicious-prosecution claim under § 1983 . . . ." *Id.* In addition, the Sixth Circuit has made clear that having to stand trial alone, without additional onerous conditions, does not constitute a constitutional deprivation of liberty. *See Cummin v. North*, 731 F. App'x 465, 473 (6th Cir. 2018).

*Saal v. City of Wooster*, 2020 WL 2733735, at *4 (N.D. Ohio). In *Saal*, "there [was] no evidence that Saal was ever handcuffed, arrested, incarcerated, required to post bail or pay any bond, subject to travel restrictions, or taken into custody." *Id.*; *see also Noonan*, 683 F. App'x at 463 (finding "the withholding of [the plaintiff's] car and the incurrence of defense costs" do not "satisfy the 'deprivation of liberty' element as [the Sixth Circuit] ha[s] construed it" and finding the third element not satisfied when the plaintiff "was never arrested or incarcerated, required to post bail or bond, or subjected to any travel restrictions").

And the Sixth Circuit has most recently explained: "It is true that whether a liberty deprivation exists is hazy in some cases. But when, as here, the alleged deprived liberty interest is, in essence, the damage of having criminal proceedings brought against you under false pretenses, it is not a deprivation of liberty under the Fourth Amendment." *Adams v. Lexington-Fayette Urb. Cnty. Gov't*, 154 F.4th 501, 509-10 (6th Cir. 2025); *see also id.* at 508 ("[B]eing arraigned or summoned to testify in court also does not create a deprivation of liberty."). "In sum, [the Court is] largely looking for deprivations of the plaintiffs' freedom of movement; without them there cannot be a seizure under the Fourth Amendment." *Id.* at 509.

Similarly, Plaintiff's Amended Complaint asserts no allegations of a deprivation of liberty as understood in Fourth Amendment jurisprudence. That is, she alleges no more than "the damage of having criminal proceedings brought against [her] under false pretenses, [which] is not a deprivation of liberty under the Fourth Amendment." *Adams*, 154 F.4th at 509-10. Thus, the Court finds the Amended Complaint does not plausibly plead the third element of a malicious prosecution claim under § 1983 and Defendants are entitled to dismissal of that claim.

Request to Amend

Plaintiff contends that "[i]f the Court concludes greater specificity is required" she should be permitted to amend to allege add "additional coercive post-initiation restraints arising from this prosecution, including compulsory appearance consequences, a bench warrant, suspension of driving privileges, and warrant-related fees." (Doc. 18, at 3). Defendants oppose leave to amend "*again* to cure the continued deficits" in alleging facts to support this element. (Doc. 19, at 5) (emphasis added). And they contend adding the allegations Plaintiff proposes would be futile because those allegations still would not establish a deprivation of liberty. *Id.*

Federal Civil Rule 15 provides:

> (a) Amendments Before Trial.
>
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Here, Plaintiff filed her original complaint on October 30, 2025. (Doc. 1). Defendants moved to dismiss that complaint on March 19, 2026. (Doc. 12). In their original motion to dismiss, Defendants presented a very similar argument to the one raised in their

currently-pending motion to dismiss regarding the insufficiency of Plaintiff's pleading as to the deprivation of liberty element of a § 1983 malicious prosecution claim. *See id.* at 8-9. As permitted by Rule 15(a)(1)(B), Plaintiff submitted her First Amended Complaint in response to the original motion to dismiss. *See* Doc. 16.

While a court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court must have before it the substance of the proposed amendment to determine whether "justice so requires." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). Further, "a bare request in an opposition to a motion to dismiss . . . is not a motion to amend." *Louisiana Sch. Emps. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 698 (6th Cir. 2004)). And a plaintiff is "not entitled to a directive from the district court informing them of the deficiencies of the complaint and then an opportunity to cure those deficiencies." *Graham v. Fearon*, 721 F. App'x 429, 439 (6th Cir. 2018) (citation modified).

Here, by virtue of Defendants' first motion to dismiss, Plaintiff was already on notice that her pleading was potentially deficient. *See* Doc. 12, at 8 (citing *Saal*, *Noonan*, and *Adams*). Second, the Court agrees with Defendants that the additional facts Plaintiff proposes to cite would still not plausibly allege a liberty deprivation. *See* Doc. 18, at 3; *Adams*, 154 F.4th at 509 ("In sum, [the Court is] largely looking for deprivations of the plaintiffs' freedom of movement; without them there cannot be a seizure under the Fourth Amendment."). Thus, the Court denies Plaintiff's request for leave to amend.

*Monell* Claim

"Municipalities are not vicariously liable in § 1983 actions merely because they employ someone who has committed a constitutional violation." *Arrington-Bey v. City of Bedford Heights*, 858 F.3d 988, 994 (6th Cir. 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

690-91 (1978)). Rather, municipalities "must pay for violations only if the injury is caused by a municipal custom or policy, or if the [municipality's] failure to train employees amounts to deliberate indifference to constitutional rights." *Id.*

Here, for the reasons previously stated, Plaintiff's Amended Complaint fails to state constitutional violations by the individual Officer Defendants. Consequently, there can be no finding of liability on the part of the Township. "There can be no liability under *Monell* without an underlying constitutional violation." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *Smith v. Erie Cnty. Sheriff's Dep't*, 603 F. App'x 414, 418 (6th Cir. 2015); *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 404 (6th Cir. 2010).

<u>State Law Malicious Prosecution Claim</u>

In Count Three, Plaintiff brings a state law malicious prosecution claim. (Doc. 16, at 5).

District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *Bullock v. City of Covington*, 698 F. App'x 305, 307 (6th Cir. 2017) ("Normally, when a court declines to exercise supplemental jurisdiction, the court dismisses the [state] claims without prejudice.") (citations omitted). The Court finds the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's Ohio malicious prosecution claim. The requirements for a malicious prosecution claim under Ohio law are not identical to those under § 1983. *See, e.g., Wright v. City of Euclid*, 962 F.3d 852, 878 (6th Cir. 2020) ("Unlike Wright's federal malicious-prosecution claim, his Ohio state law claim

requires a showing of malice."); *Lawson v. Godfrey*, 2014 WL 7274839, at *5 (N.D. Ohio) ("These elements [for a § 1983 malicious prosecution claim] overlap with those of an Ohio claim for malicious prosecution, though under Ohio law Lawson need not allege a deprivation of liberty besides her additional [sic] arrest.").

Because the Court's rulings on Plaintiff's federal law claims do not fully resolve the remaining state law claim, comity concerns weigh in favor of the Court declining jurisdiction to avoid needlessly deciding state law issues. Moreover, this case is in its very early stages. Count Three is therefore dismissed without prejudice.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Dismiss (Doc. 17) be, and the same hereby is, GRANTED as to Counts One and Two, and DENIED as to Count Three; and it is

FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Count Three—the Ohio state law malicious prosecution claim—and that claim be, and the same hereby is DISMISSED WITHOUT PREJUDICE; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 7, 2026